IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TIFFANY AUTUMN THOMAS                                              PLAINTIFF

v.                    Civil No. 2:18-cv-02158

GREG NAPIER, Officer, Fort                                         DEFENDANT
Smith Police Department

## OPINION

Plaintiff, Tiffany Autumn Thomas, filed this action pursuant to 42 U.S.C. §1983. She proceeds *pro se* and *in forma pauperis*. Plaintiff is currently incarcerated in the Washington County Detention Center.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I.  BACKGROUND

According to the allegations of the Complaint (ECF No. 2), on January 19, 2016, the Plaintiff, Michael Thompson, and Thomas Reddick, were stopped because Reddick "was all over the road." The vehicle and the hotel room they came out of were searched. They were charged with possession of drug paraphernalia and possession of marijuana. Plaintiff maintains that none of the "stuff" belonged to her.

On March 2, 2016, Plaintiff states she got a ride with Albert Evan who stated he had two stops to make and then he would drop her off. Unknown to her, Evan was under investigation. After they made the two stops they realized they were being followed, Evan was going to return the car to its

1

owner and drop Plaintiff off. As they pulled in, a police car hit the lights. Plaintiff alleges Evan became scared, threw stuff around the car, and then took off running. Plaintiff was on parole, so she took off running leaving her phone behind in the car. She maintains the only thing that belonged to her in the car was the phone. A warrant was issued for Plaintiff's arrest.

On July 15, 2016, Plaintiff alleges she was sleeping at a friend's house because she had been beaten up by a man she was "dealing with" and was homeless. Plaintiff alleges that the next thing she knew the parole office was kicking in the door. Officer Napier asked Plaintiff if she had anything and she gave him a "pipe" she had. Plaintiff states that was all that belonged to her in the room. Methamphetamine, marijuana, a rocket launcher, and a 9 mm firearm was found in the house. Plaintiff states she was charged with everything in the house even though none of it belonged to her.

Plaintiff alleges she was told she "had to plead guilty to all charges to get the 30 years [she had] signed up for." Plaintiff states she has been "locked up for a little over two years" and needs help. She states she is doing too much time for "everyone else's stuff." She also notes that the two guys connected with the first stop are already out of prison.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent

2

standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Section 1983 requires proof of two elements: (1) the conduct complained of must be committed by a person acting under color of state law; and, (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States.

Plaintiff may not use the civil rights statutes as a substitute for habeas corpus relief. In other words, she cannot seek declaratory or injunctive relief relating to her confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). As the Eighth Circuit in *Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989) said, "we accept as fundamental the fact that Congress intended habeas corpus to be the exclusive federal remedy for all those who seek to attack state court convictions." Plaintiff may not circumvent the habeas corpus rules by bringing her claim as one under § 1983. No plausible claim is stated.

## IV. CONCLUSION

For the reasons stated, the claims asserted are subject to dismissal because they are frivolous or fail to state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

This dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act. The **Clerk** is directed to enter a § 1915(g) strike flag on this case.

IT IS SO ORDERED on this 18th day of September 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE